UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    ERIC BARTHOLOMEW                                05-70116 B

                              Debtor
------------------------------------------------------

                        Scott F. Humble, Esq.
                        Humble Law Offices
                        Seven Jackson Avenue, W.E.
                        Jamestown, New York 14701
                        Attorney for Debtor

                        Albert J. Mogavero, Esq.
                        The Dunn Building
                        110 Pearl Street, 6th Floor
                        Buffalo, New York 14202
                        Chapter 13 Trustee

                        Christopher K. Reed, Esq.
                        Office of the U. S. Trustee
                        42 Delaware Avenue, Suite 100
                        Buffalo, New York 14202
                        Assistant U. S. Trustee

Bucki, U.S.B.J.

    The debtor has filed an application to waive the submission of some of the payment advices that he received during the sixty days prior to his bankruptcy filing. For the reasons stated herein, this motion is denied, but with leave to request a determination, upon notice of motion to all parties in interest, that this proceeding is not subject to automatic dismissal.

    Eric Bartholomew filed a petition for relief under chapter 13 of the Bankruptcy Code on December 15, 2005. Consequently, this case was commenced after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and is subject to its provisions. In particular, section 521 of the Bankruptcy Code now requires that the debtor

file various documents, including "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor."  11 U.S.C. §521(a)(1)(B)(iv).  Further, 11 U.S.C. §521(i)(1) provides generally that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file *all of the information* required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition" (emphasis added).

On the day after Mr. Bartholomew commenced this bankruptcy proceeding, his counsel filed the present motion to waive the requirement to file any pay stub other than the most recent.  The debtor contends that because the most recent pay stub shows year to date income and withholdings, the submission of prior pay stubs would serve no useful purpose.  Although counsel served a copy of this motion upon the chapter 13 trustee and upon the Office of the United States Trustee, the debtor asks that his motion be granted without a hearing.

This court has no authority to disregard a mandate that Congress has inserted into the Bankruptcy Code.  For this reason, I cannot authorize a debtor to avoid the unambiguous statutory direction to file payment advices received during the sixty days prior to bankruptcy filing.  Accordingly, I must deny the debtor's motion.  But the present motion also speaks to the consequences of a failure to file payment advices.  Although section 521(a)(1)(B)(iv) requires the filing of all such advices, section 521(i)(1) compels dismissal only upon a failure to file "all of the information" contained in the documents that the debtor must provide.  To the extent that the most recent pay stub incorporates all of the information that would be reflected in

pay stubs issued over sixty days, then perhaps the debtor may avoid the consequence of dismissal despite a failure to file every payment advice.

A trustee may exercise a variety of options to compel fulfillment of the duties that section 521 imposes upon an individual debtor. As a practical matter, however, a trustee may choose not to enforce an obligation that would provide no material benefit to administration of the estate. For example, in many cases where a debtor receives a minimal or fixed income, a trustee may have no reason to see any but the most recent payment advice. Nonetheless, debtors must still deal with the automatic dismissal provisions of section 521(i)(1). For this reason, where the debtor has otherwise provided all of the required information, that debtor may appropriately move for a determination that the case is not subject to dismissal.

An obvious purpose of section 521(a)(1)(B)(iv) is to provide relevant income information to parties in interest. Although the debtor may believe that the most recent pay stub incorporates all of the information that the trustee and creditors might need, that conclusion should more properly be made by the parties for whom the information was intended. Indeed, section 521(i)(2) states that when an individual debtor in chapter 7 or 13 fails to file all of the required information, "any party in interest may request the court to enter an order dismissing the case." In as much as interested parties have a right to memorialize the automatic dismissal of section 521(i)(1), a contrary determination should be made only after notice to all such parties in interest. For these reasons, if Mr. Bartholomew wishes to renew his motion as a request to determine that his case is not subject to the automatic dismissal provisions

of section 521(i)(1), then notice of an appropriate opportunity for a hearing on his request must be served upon all interested parties, including the trustee and creditors.

    So ordered.

Dated:    Buffalo, New York        /s/   CARL L. BUCKI
           December 30, 2005           U.S.B.J.